UNITED STATES of America for Use and Benefit of HENRY S. WOLKINS COMPANY, Plaintiff,

v.

DIMEN–PASCUA CONSTRUCTION CO., INC., International Fidelity Insurance Company, and the United States of America, Defendants.

Civ. A. No. 88–0904–S.

United States District Court,
D. Massachusetts.

Nov. 23, 1988.

Supplemental Order Jan. 5, 1989.

George F. Gormley, Gormley & Keefe, Boston, Mass., for plaintiff.

Sanford F. Remz, Widett, Slater & Goldman, P.C., Boston, Mass., for Intern. Fidelity Ins. Co.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

SKINNER, District Judge.

The bonding company in this Miller Act case has moved to dismiss the action under Fed.R.Civ.P. 4(j) for failure to effect service within 120 days of the filing of the complaint. An amended complaint and Form 18–A were mailed to the defendant on August 19, 1988, exactly 120 days after the filing of the complaint and received by the defendant three days later. In its original memorandum, and on its acknowledgement Form 18–A, the defendant says that the summons was also mailed. In its memorandum in opposition, plaintiff's attorney says he mailed the amended complaint and Form 18–A, without mention of a summons. Rule 4(c)(2)(C)(ii) requires the service of a summons. If no summons was included in the mailing, the service was ineffective and the complaint must be dismissed, unless the defendant is estopped to deny service by executing Form 18–A, a point which the parties have not briefed.

Even if the summons was included in the mailing, however, the defendant claims that the mailing was too late. The defendant asserts that the mailed complaint and summons must be *received* with-

in 120 days to constitute proper service. This limitation is nowhere to be found in Rule 4. Rule 4(c)(2)(C)(ii) says that service may be made by mailing. Given the uncertainty of the mail, the plaintiff could not be sure of service until he received an acknowledgement on Form 18–A. On the defendant's theory, plaintiff must mail the complaint and summons no later than 100 days after the complaint is filed. This seems to me to be in conflict with Rule 4(j).

Furthermore, Rule 5(b) provides that "[s]ervice by mail is complete upon mailing." Defendant says that this provision only applies to pleadings subsequent to the complaint, referring to a provision of Rule 5(a). That provision is under the heading of *"Service: When Required"* and provides that pleadings subsequent to the complaint shall be served on the parties. Rule 5(b) is headed *"Same* [i.e. 'Service']; *How Made,"* and starts off "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service on the party is ordered by the court."

I construe Rule 5(b) as not being solely related to the service prescribed under Rule 5(a), but rather related to service under the Federal Rules of Civil Procedure generally. The last sentence providing that "[s]ervice by mail is complete upon mailing," therefore, applies to service by mail of the complaint and summons permitted by Rule 4(c)(2)(C)(ii). Accordingly, given this construction of the Federal Rules of Civil Procedure, service was timely made under those rules. Authority to the contrary cited by defendant is not controlling and not persuasive.

■ Defendant next relies on Local Rule 10(a), which provides as follows:

(a) Any summons not returned with proof of service within one hundred twenty days of the filing of the complaint is deemed to be unserved for the purpose of Fed.R.Civ.P. 4(j).

Defendant asserts that this rule requires that proof of service be filed within one hundred twenty days after filing of the complaint. I believe this to be an incorrect

reading of the rule, the syntax of which is ambiguous. In my opinion, the rule is properly read to require that the proof of service, when returned, shows that service was made within one hundred twenty days. The defendant's construction would be in conflict with Rule 4(j) in that it would shorten the time for service, and thus would be an invalid rule under Fed.R.Civ.P. 83. Defendant further relies on so much of Rule 10(a) as provides that failure to file a proof of service defeats service. This is clearly in conflict with Fed.R.Civ.P. 4(g) which provides specifically that "[f]ailure to make proof of service does not affect the validity of the service." Under Rule 83, this provision of Local Rule 10(d) cannot be given effect.

In summary, it appears that at least the complaint and Form 18–A were timely mailed. Proof of delivery is established by the defendant's acknowledgement, even though proof may not have been timely filed. If a summons was enclosed, or if the defendant is estopped from denying that it was, then service was sufficient and timely. If the summons was not included, service was not in accordance with Fed.R.Civ.P. 4 and the action must be dismissed.

Accordingly, the parties are ordered to file a stipulation as to whether or not the summons was included. If it was not, the parties are ordered to brief the issues of estoppel. The stipulation of the parties, and if necessary, their briefs on the issue of estoppel shall be filed by December 22, 1988.

### SUPPLEMENTAL ORDER

■ In my order issued November 23, 1988 on defendants' motion to dismiss, I directed the parties to file a stipulation as to whether a summons was served with the complaint. They have now stipulated that a summons was served. Accordingly, and for the reasons stated in my previous Order, the motion to dismiss is DENIED.

In addition to the reasons stated in my order of November 23, 1988, I rely on *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984) and *Lee v. Carlson,* 645

F.Supp. 1430 (S.D.N.Y.1986), *aff'd* 812 F.2d 712 (2d Cir.1987).